DOUCET, Judge.
In the summer of 1983, defendant, Thomas K. Bulliard, was interested in building a convenience store in St. Martinville, Louisiana. Bulliard contacted plaintiff, Donald V. Tanner, Jr., a civil engineer, for these purposes. In September of 1983, Bulliard entered into a contract with Tanner in which Tanner would furnish certain services for the construction of the store. The fee relative to this contract was $10,000. Tanner signed this contract in his individual capacity as a professional engineer (P.E.). In February of 1984, another contract was entered into by Bulliard, this time with Tanner Incorporated whereby Tanner, Inc. was to install pumps, underground piping, a concrete filled steel island and was to sell three 8,000 gallon tanks, two pre-set pumps, one pre-set dual/single pump, and one pre-set console for a total of $30,368.17. This contract specifically provided that Tanner, Inc. would not be responsible for installing and back filling the tanks. Tanner was the only person Bulli-ard had any contact with in all of the negotiations and according to Bulliard, no distinction was ever made between Tanner, Inc. and Tanner P.E.
In April of 1984, construction on the project began. Tanner Inc. built the steel island two feet longer than the plans called for and it was therefore necessary for Bul-liard to change the canopy, which he did for the cost of $150. Additionally, Bulliard contends that because the island was not built per specifications, an extra $750 for the canopy electrical work had to be expended. Morever, Bulliard urges that because of a mistake on the part of Tanner, excavation of the 8,000 gallon tanks cost him an extra $2,300 and that he is entitled to such amount.
On August 13, 1984, Bulliard tendered Tanner, Inc. the sum of $4,632, which he believed to be owed. Tanner, Inc. rejected this amount.
Suit was filed on September 7, 1984, by Tanner, Inc. against Bulliard, seeking to recover the balance of $11,255.35, plus interest and attorney’s fees.
Bulliard filed a reconventional demand specifying the errors which Tanner had committed in the work he had contracted to perform.
Tanner, P.E., individually, was not a party to the lawsuit.
A trial on the merits was heard on August 12, 1986. Written reasons for judgment were rendered on August 15, 1986 and formal judgment was signed in accordance therewith on November 4, 1986. The *573 court found the following amount to be due:
Contract price $30,368.17
Less amount paid < 19,435.11 >
Less extra excavation work caused by 8,000 gal. tanks < 2,300.00>
Canopy change < 150.00 >
Canopy extra electrical < 750.00 >
TOTAL $ 7,733.06
The trial court awarded the above amount together with legal interest from the date of judgment but denied plaintiffs demand for contractual interest and attorney’s fees. It is from this judgment that plaintiff appeals.
We first address plaintiff’s contention that the trial court erred in deducting $2,300 for the excavation of the 8,000 gallon tanks. It is not very clear from the record but, apparently there were several proposals made between Bulliard and Tanner before the actual contract was confect-ed. Originally, Tanner, Inc. had agreed to excavate the tanks and this was reflected in a preliminary bid. Subsequent to this preliminary proposal, Bulliard opted to use Marcel Fusilier for the excavation of the tanks. Because Tanner would no longer be responsible for the excavation, he agreed to accept $2,400 less. Bulliard contends that this figure was based on the cost of excavating 4,000 gallon tanks and that in actuality, it cost him over twice that amount because the tanks were 8,000 gallons. Bul-liard adds that this was Tanner’s mistake and that he should not be penalized. Moreover, Bulliard urges that Tanner, himself, acknowledged that he had made the mistake. We find merit in plaintiff-appellant’s contention.
While we are sympathetic with Bul-liard’s position in the matter, we cannot say that we agree that he is entitled to the $2,300 deduction. Bulliard opted not to use Tanner for the excavation of the tanks. When Tanner agreed to accept $2,400 less, Bulliard did not complain. If Bulliard was not satisfied with the amount Tanner agreed to lower the bid by, he should have objected at that time. Bulliard did not do so. Bulliard employed Mr. Fusilier for the job and Mr. Fusilier’s bill was quite a bit more than $2,400. As correctly stated by plaintiff in his brief: “The notion to deduct the difference between a rejected bid and what Bulliard actually paid because he was trying to get a cheaper price is ludicrous.” Thus, we find merit in plaintiff’s contention.
We next address Tanner’s contention that the trial court erred when it found that Bulliard was entitled to a $750 deduction for extra electrical work. Bulliard contends that because Tanner made the islands with their connecting stanchions the wrong size, all of the internal piping in the cement on those islands had to be changed, and because the electrical wiring was run inside the piping, the wiring had to be re-run. As such, Bulliard contends that he is entitled to the $750 deduction. We disagree.
We have carefully reviewed the record and we cannot find one shred of evidence indicating that the electrical wiring had to be re-run because of Tanner’s mistake or even that the wiring had to be re-run at all. Tanner admits that he built the island two feet longer than was specified, but that the only evidence of damage due because of this error is a $150 charge for the re-working of the canopy. The evidence indicates that Tanner was originally supposed to be responsible for the electrical work. Bulliard later opted to employ Mr. T.J. Fontenot to do the electrical work instead. The actual contract that was finally agreed to reflected that Tanner was not responsible for the electrical work. Bulliard testified that he is not sure whether the $750 deduction he is claiming is the difference in price from Tanner’s original bid and what he actually paid Fontenot or whether the $750 was an amount that was reflected in Tanner’s bid for electrical work that he did not do. If Bulliard is not sure of this fact, this court certainly is not. The fact of the matter is that the only credible *574 evidence that we have concerning this issue is the contract itself. As previously stated, the electrical work was not a part of the contract between Tanner and Bulliard. As such, we can only conclude that the amount reflected on the invoice is accurate and did not include an amount for the electrical work. As such, we find that the trial court erred when it allowed this deduction.
Finally, we address plaintiff’s contention that “The trial court erred in failing to award contractual interest and attorney fees pursuant to the contract dated February 29,1984.” The pertinent provision provides as follows:
“... If payment is not made as outlined above and agree that a late charge of 1.5% per month (18% per year) will be paid on the unpaid balance. If turned over to an attorney for collection, attorney’s fees of 25% of the aggregate balance will be paid.”
The above provision applies to payments due under the contract. The only work under the contract not followed per specifications was the additional two feet on the concrete island. With the exception of the $150 charge for the re-working of the canopy, we find that all other sums plus interest after twenty days after invoicing remain past due. Additionally, we find under the terms of the contract that plaintiff is also entitled to attorney’s fees.
Accordingly, for the reasons assigned, we affirm the judgment of the trial court in part, amend it in part, and recast it to read as follows:
IT IS ORDERED, ADJUDGED, and DECREED that there be and hereby is judgment in favor of plaintiff/appellant and against defendant/appellee in the amount of Ten Thousand, Seven Hundred Eighty-three and 06/100 ($10,783.06) Dollars, together with legal interest thereon from the date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment in favor of plaintiff/appellant and against defendant/appellee for contractual interest of 1.5% per month on the amount of $10,633.06 (amount awarded less One Hundred Fifty [$150.00] Dollars for work not performed per specifications) accruing 20 days afterthe date of invoicing. Additionally, plaintiff/appellant is entitled to attorney fees per contract in the amount of 25% of same amount.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that all costs of court be assessed against defendant/appel-lee.
AFFIRMED IN PART; AMENDED, AND AS AMENDED, AFFIRMED.